UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: 1:25-cr-31 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| AUNDRE DUPRE DUMAS | ) | |

**M E M O R A N D U M**

Before the Court is Defendant Aundre Dupre Dumas's motion to sever pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a). (Doc. 167.) The United States responded. (Doc. 189.) Defendant seeks to sever his trial from that of his co-defendants and bifurcate trial on the Counts with which he is charged, arguing that trying them together would be prejudicial, preventing him from receiving a fair trial. (Doc. 168 at 1.) For the following reasons, the Court will **DENY** Defendant's motion to sever (Doc. 167).

## I. BACKGROUND

On February 25, 2025, a grand jury returned an indictment against six individuals, who allegedly "did combine, conspire, confederate and agree to knowingly, intentionally, and without authority distribute 400 grams or more of a mixture and substance containing a detectable amount of [fentanyl] and 50 grams or more of methamphetamine" (Count I). (Doc. 3 at 1–2.) The Grand Jury also charged that Defendant Dumas, "knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was shipped and transported in and affected interstate commerce" (Count II). (*Id.* at 2.) Defendant Dumas is not named in the remaining seven counts. (Doc. 3.)

## II. STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Criminal Procedure allows joinder of offenses in the same indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) of the Federal Rules of Criminal Procedure allows joinder of defendants in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). This is true "especially in conspiracy cases." *United States v. Pickett*, 746 F.2d 1129, 1134 (6th Cir. 1984) (quoting *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984); *United States v. Licavoli*, 725 F.2d 1040, 1051 (6th Cir. 1984) ("The general rule in conspiracy cases is that persons indicted together should be tried together."). Once defendants have been properly joined, "[s]eparate trials are mandated only upon a showing of 'specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials.'" *Id.* (quoting *Dempsey*, 733 F.2d at 398.) "The defendant has the burden of showing such prejudice." *Id.*

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In other words, "Rule 14 authorizes a severance where it appears that a defendant might be prejudiced by a joint trial." *Bruton v. United States*, 391 U.S. 123, 131 (1968). But severance is not required in all situations where prejudice is shown, "rather, it leaves the tailoring of the relief to be granted, if any, to the district court's

sound discretion." *Zafiro*, 506 U.S. at 538–39. The mere belief of a better chance of acquittal is insufficient grounds for severance. *Id*. at 540.

## III. DISCUSSION

The initial joinder of defendants in this case was proper. Defendant was charged in the indictment for the same acts and transactions that comprise the conspiracy for which all defendants have been charged. Doc. 3 at 1–2; Fed. R. Crim. P. 8(b).

The issue before the Court is whether a separate trial is necessary to avoid prejudice to Defendant by virtue of (a) trying him alongside his codefendants or (b) trying both counts simultaneously. If substantial, irremediable risk of prejudice exists, severance under Rule 14 is proper. The Court will address each concern in turn.

### A. Severance from co-defendants at trial

Defendant asserts that severance from his co-defendants is necessary under Rule 8(b) due to disparity of evidence and antagonistic defenses. (Doc. 168 at 2.)

The disparity-of-evidence argument is similar to the one unsuccessfully made by co-Defendant Gary Shropshire. (Doc. 118; Denied Doc. 156.) For similar reasons, the Court finds Defendant Dumas's argument unpersuasive. "Rule 8(b) on its face contemplates the situation where some of the evidence might be admissible against one defendant and not against a codefendant at a single trial, for in its concluding clause the rule provides that 'all of the defendants need not be charged in each count.'" *Daley v. United States*, 231 F.2d 123, 125 (1st Cir. 1956) (quoting Fed. R. Crim. P. 8(b)[1]).

---

[1] Rule 8 has since been updated to "[a]ll defendants need not be charged in each count." A change in form, but not substance. Fed. R. Crim. P. 8(b).

"The test as to a severance of trial under Rule 14 [] is the likelihood of substantial prejudice to one defendant or the defendants if they are tried together." *United States v. Grindstaff*, 479 F. Supp. 599, 601 (E.D. Tenn. 1978) (citing *Schaffer v. United States*, 362 U.S. 511, 514 (1960)). The Supreme Court has interpreted prejudice to be "substantial" in this context only when there is a serious risk that a "joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

"An important element of a fair trial is that a jury considers only relevant and competent evidence bearing on the issue of guilt or innocence." *Bruton*, 391 U.S. at 131 n.6. But "'spillover of evidence' from one case to another 'generally does not require severance,' unless Defendant can point to specific 'substantial,' 'undue,' or 'compelling' prejudice." *United States v. Fields,* 763 F.3d 443, 457 (6th Cir. 2014) (quoting *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002)). "Introduction of evidence inflammatory to one defendant but not directly applicable to a co-defendant fails to establish 'substantial prejudice' as to the co-defendant." *United States v. Frost*, 914 F.2d 756, 764 (6th Cir. 1990) (quoting *United States v. Zalman*, 870 F.2d 1047, 1053 (6th Cir. 1989)).

When the potential for prejudice is present, a judge may be strict in the jury charge "not only as to the testimony the jury [is] not to consider, but also as to that evidence . . . available in the consideration of the guilt of each petitioner separately under the respective substantive counts." *Schaffer,* 362 U.S. at 516. It is a well-established rule "that juries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *see also Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) ("The Court presumes that jurors, conscious of the gravity of their task,

attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.")

In *United States v. Frost*, the defendants each argued that severance was appropriate because of inflammatory evidence introduced for the other defendant that was not directly applicable to themselves. 914 F.2d at 764. The jury received an instruction to consider the evidence for each defendant separately. *Id.* Upon appeal, the Court of Appeals for the Sixth Circuit found that defendants failed "to carry the 'heavy burden' necessary to show that the trial court abused its discretion in denying a severance." *Id.*

Similarly, in *United States v. Gallo*, the defendant argued severance was necessary because the "mass of highly inflammatory testimony . . . would not have been admitted if [he] were tried alone." 763 F.2d 1504, 1525 (6th Cir. 1985). The *Gallo* court held that inflammatory evidence against one defendant that does not involve another is insufficient alone to prove substantial prejudice warranting severance. *Id.* ("Merely because inflammatory evidence is admitted against one defendant, not directly involving another codefendant (and with which the other is not charged) does not, in and of itself, show substantial prejudice in the latter's trial."); *see also United States v. Zalman*, 870 F.2d 1047, 1053 (6th Cir. 1989) (upholding denial of severance where defendants argued inflammatory testimony against codefendant would prejudice jury against him by association.)

Here, Defendant raises the same concern as the defendants in *Frost* and *Gallo*. His primary argument is that the alleged higher culpability of his codefendants would reflect negatively on him and "[t]he jury would be unable to compartmentalize evidence against the various defendants, particularly where allegations involve overlapping conspiracy evidence." (Doc. 168 at 2.)

Defendant asserts that "evidence against the co-defendants is substantially greater and of a different character than the evidence against [him]." (Doc. 168 at 2.) But Defendant's argument does not indicate that any legal right would be infringed if he were tried with his codefendants. Examples of such an infringement include admission of evidence that would otherwise be impermissible if he were tried alone, or exculpatory evidence which would be unavailable in the joint context when it would be available if he were tried alone. *See Zafiro*, 506 U.S. at 539. Nor does Defendant claim that joinder infringes upon his right to confront and cross examine a witness.

Rather, it appears Defendant merely believes he would have better chances if tried alone. Courts have repeatedly held that the presence of inflammatory evidence or testimony admitted against a codefendant on independent charges does not necessitate severance. Not having raised other justification, Defendant has failed to meet his high burden of showing risk of undue, substantial, or compelling prejudice.

Further, Defendant has not shown that appropriate jury instructions would be insufficient to cure any potential prejudice. Instructions may be properly framed to address the issues and the Court can be intentional in its jury charges to fittingly address any potential prejudice at trial.

Next, Defendant claims that severance is necessary to prevent prejudice arising from potential antagonistic defenses of co-defendants. (Doc. 168 at 2.) The Supreme Court has noted that "the Courts of Appeals frequently have expressed the view that 'mutually antagonistic' or 'irreconcilable' defenses may be so prejudicial in some circumstances as to mandate severance." *Zafiro*, 506 U.S. at 538 (collecting cases). But also that "[m]utually antagonistic defenses are not prejudicial *per se*." *Id.*; *see also United States v. Vinson,* 606 F.2d 149, 154 (6th Cir.1979) ("[T]he mere fact that codefendants attempt to blame each other does not compel severance.")

And "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* at 539.

To justify severance, the Defendant "carries the heavy burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial." *United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir. 1988). "In meeting this heavy burden, the defendant must demonstrate the jury's inability to distinguish the evidence relevant to each defendant." *Id.*

In *United States v. Benton*, the defendant "stated only that 'the trial of this defendant with the other defendants herein will be to the prejudice of the defendant, . . . and may cause him to receive an unfair trial." 852 F.2d at 1468. The Court of Appeals found that without alleging any specific evidence, other grounds, or requesting a hearing, he did not meet his burden and "the [district] court was completely justified in denying [his] motion without a hearing." *Id.* at 1468–69.

Here, like in *Benton*, Defendant failed to show any particularized facts, arguments, or defenses that could potentially prejudice or confuse a jury. Defendant's argument, in full, states:

> To the extent co-defendants may assert defenses that are antagonistic to Mr. Dumas, severance is necessary to prevent undue prejudice. The Defendant submits that limiting instructions would not cure the prejudice that is certain to result, and severance is the only means to assure a fair trial.

(Doc. 168 at 2.) Unsupported allegations like this are insufficient to warrant severing Defendant from his co-defendants at trial.

**B. Severance of Count II of the Indictment**

Count II of the Indictment alleges that Defendant possessed a firearm after having been previously convicted of a felony offense, which is a violation of 18 U.S.C. § 922(g). (Doc. 3 at 2.) "The Sixth Circuit recognizes the efficiency of joining firearm and drug charges when the face of the indictment shows that the charges are 'sufficiently connected temporally or logically to

support the conclusion that the two crimes are part of the same transaction or plan.'" *United States v. Smith*, 656 F. App'x 70, 73 (6th Cir. 2016) (quoting *United States v. Chavis*, 296 F.3d 450, 459 (6th Cir. 2002)

Defendant argues this Count should be severed because "this offense is neither the same, nor similar, in character to the controlled substance distribution charge in Count 1 of the Indictment" and the crimes are not part of a common scheme or plan. (Doc. 168 at 3.) Defendant further argues that "there is insufficient evidence to show that the alleged illegal possession of a firearm is based upon the same act or transaction as Count 1." (*Id.*)

"[T]he possession of a firearm can be characterized as part of 'the same act or transaction' or as an act 'constituting part[ ] of a common scheme or plan' as the narcotics crime, [when] the firearm is an instrument used to accomplish narcotics trafficking." *Chavis*, 296 F.3d at 459 (collecting cases). But not every gun charge is related to every drug charge. Joinder is permissible only when the charges are "'sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan,' as when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search." *Id.* (finding misjoinder when offenses occurred two years apart and no tie between them); *see also United States v. Hubbard,* 61 F.3d 1261, 1270 (7th Cir. 1995) (finding misjoinder because "when nearly a year and a half transpires between the distribution of narcotics and the possession of a firearm, something more must tie the two offenses together to permit joinder in a single indictment.").

Here, the indictment alleges Defendant knowingly possessed the firearm during the timeframe of the drug trafficking conspiracy. (Doc. 3 at 2.) The Government previewed that it would present evidence that the gun was seized at Defendant's residence alongside drugs and drug

paraphernalia. (Doc. 189 at 3.) The Court finds that there is both a logical and temporal nexus sufficient to infer the gun and drugs were "connected with or constitute parts of a common scheme or plan." *See* Fed. R. Civ. P. 8(a). Additionally, the charges arise from the same factual background and will require overlapping proof. Trying them together offers significant advantages in terms of judicial efficiency. *See United States v. Moreno,* 933 F.2d 362, 370 (6th Cir. 1991) (Finding that joinder of a conspiracy count and a § 922(g) count were properly joined because "they involved overlapping proof."); *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983) ("Rule [8(a)] is to be construed liberally to promote the goals of trial convenience and judicial efficiency.").

Finally, Defendant argues severance of Count II is necessary because "trying these counts together would necessarily inform the jury, before deliberation, of [Defendant]'s prior felony conviction(s)." (Doc. 168 at 3.) And this would create an "unacceptable risk that the jury will infer criminal propensity" incurable by a limiting jury instruction since "[o]nce evidence of a prior felony conviction is introduced to a jury, the prejudice and harm cannot be undone." (*Id.* at 3, 4.)

The Sixth Circuit has found on multiple occasions that limiting instructions to the jury and stipulations among the parties are sufficient to mitigate this concern. *See, e.g.*, *United States v. Smith*, 656 F. App'x at 73 ("[A]lthough elucidating a defendant's past crimes carries prejudicial potential, we have acknowledged the curative effects of stipulations and limiting instructions."); *United States v. Fuqua*, 636 F. App'x 303, 308 (6th Cir. 2016) (denying motion to sever drug charge from a gun charge due to stipulations and limiting instructions to the jury); *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001) ("[T]he district court gave specific cautionary instructions to minimize the possible prejudice, instructing the jury to consider separately the evidence relating to each charge and cautioning the jury not to let their decision on one charge

influence their decision in any other charge."); *Frost*, 125 F.3d at 391 ("The District Court further minimized any prejudice by instructing the jury to consider only the evidence against each defendant on each charge, and to return separate verdicts, without regard to the other charges or defendants."); *Chavis*, 296 F.3d at 461 ("The Supreme Court has instructed, however, that the danger of prejudice resulting from improper propensity inferences can be reduced significantly by proper curative instructions.").

Here, Defendant did not provide a particularized or compelling argument why a jury would be unable to follow these instructions and make their decision accordingly. Defendant acknowledges that "limiting instructions can mitigate prejudice" but asserts that "such instructions would be inadequate in this case." (Doc. 168 at 4.) However, he provides no justification for why that is the case here, as opposed to overwhelming precedent in similar cases where the court has found limiting instructions adequate. Thus, the Court does not find that severance of Count II of the indictment is necessary to protect Defendant's constitutional rights.

## IV. CONCLUSION

The Court finds severance is not required or necessary to ensure a fair trial. *See Bruton,* 391 U.S. at 131 n.6 (1968) (quoting *Daley v. United States*, 231 F.2d 123, 125 (1st Cir. 1956) ("The rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial."). Accordingly, Defendant's motion (Doc 118**)** will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/______________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**